IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SKYLARK MEATS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>INTERNATIONAL SPICES, LTD,<br><br>Defendant. | Case No. 8:11-cv-3<br><br><br>**PROTECTIVE ORDER** |

This matter comes before the Court on the Joint Stipulation for Protective Order filed by Plaintiff Skylark Meats, LLC and Defendant International Spices, LTD (Filing No. 20). The Court, being fully advised in the premises, hereby orders that all documents, materials, things, information, answers, pleadings, testimony, and other discovery information or items produced by the Parties and non-parties are governed by the following:

1. <u>Stipulation and Agreement of the Parties.</u> In this action, the Parties are seeking Confidential Information (as defined in Paragraph 2 below). The Parties also anticipate seeking additional Confidential Information during discovery and that there will be questioning concerning Confidential Information in the course of depositions. The Parties assert the disclosure of such information outside the scope of this litigation could result in significant injury to one or more of the Parties' business interests. The Parties also assert that the need for this Protective Order also applies to any information or materials produced by a non-party as a result of discovery subpoenas or other requests. The Parties have entered into this Protective

Order and requests the Court enter the Protective Order for the purpose of preventing the disclosure and use of Confidential Information by any Party or non-party except as set forth herein. The terms of this Protective Order shall apply to any information or materials produced by any Party or non-party as part of discovery in this action. Each and every attorney with the law firms representing the Parties in this case shall be deemed to be subject to this Protective Order and shall be deemed to have actual knowledge of the restrictions herein.

2. <u>Definition of "Confidential Information</u>." Under the terms of this Protective Order, "Confidential Information" means any document, file, electronic material, portions of files, transcribed testimony, or responses to discovery requests, including any extract, abstract, chart, summary, note, or copy made therefrom—not made available to the public—and designated by one of the Parties or a non-party in the manner provided in Paragraph 3 below as containing or comprising confidential research, development, sales data, financial information or other trade secrets or proprietary business information. In connection with this Protective Order, "<u>Confidential Material</u>" shall be information or materials that the producer of the documents deems confidential or the release of which would harm the commercial or business interests of the designating Party. Such materials may only be so designated as Confidential if they are not otherwise publicly available.

3. <u>Designation of "Confidential Information</u>." Where any kind of Confidential Information is produced, provided or otherwise disclosed by a Party or a non-party in response to any discovery request or subpoena, including by means of entry onto land or premises or by inspection of books, records, documents, or tangible things, such Confidential Information will be designated in the following manner:

a. By imprinting the word "<u>Confidential</u>," on at least the first page or cover of any document produced;

b. By imprinting the work "<u>Confidential</u>," as appropriate, next to or above any response to a discovery request; and

c. With respect to transcribed testimony, either during the deposition on the record, or by giving written notice to opposing counsel sufficient to designate such portions as "<u>Confidential</u>", no later than 10 calendar days after receipt of the transcribed testimony.

During a deposition, the deponent or his counsel, or any other counsel of record present at the deposition, may give notice on the record that testimony about to be given is deemed "<u>Confidential</u>," as appropriate.

If during the course of a deposition, a document or other material that has previously been designated "<u>Confidential</u>," is used, then that particular portion of the deposition shall be deemed to be subject to the same level of protection accorded to the designated document without further need of any written designation of the deposition transcript by the designating party.

4. <u>Restrictions on Confidential Information</u>. All Confidential Information provided by a Party or a non-party in response to a discovery request or as transcribed testimony shall be subject to the following restrictions:

a. <u>Confidential Material</u>:

i. <u>Confidential Material</u> shall be used only for the purpose of this litigation and not for any business or other purpose whatsoever.

3

ii. <u>Confidential Material</u> shall not be communicated or disclosed by any Party's counsel or a Party in any manner, either directly or indirectly, to anyone except for purposes of this litigation.

iii. <u>Confidential Material</u> may only be disclosed or communicated to the following persons:

    (a) The Parties' outside counsel of record in this action and any regular or temporary employees of such counsel to whom it is necessary that the information or material be shown for purposes of this litigation;

    (b) The Parties' in-house counsel and employees, officers, or directors of each of the Parties whose assistance is needed by counsel for the purposes of this litigation;

    (c) Third Party Consultants or Expert Witnesses;

    (d) Graphics or design services firms retained by counsel for a Party for purposes of preparing demonstrative or other exhibits for deposition, trial or other proceedings;

    (e) Non-technical jury or trial consulting services retained by counsel for a Party;

    (f) Document reproduction or coding services retained by counsel for a Party;

    (g) Witnesses in the above-captioned action; or

    (h) The finder of fact or concluder of law.

        iv.    <u>Undertaking</u>:  Confidential Materials may be disclosed only to the persons listed in Paragraph 4.a.iii, subparagraphs (c), (d) (e), (f), (g) and (h) only after such persons have executed a declaration in the form attached as Exhibit A.

5.    <u>Use of Confidential Materials in Court Proceedings</u>.  In the event any material designated "<u>Confidential Material</u>" is used in any court filing or legal proceeding, including, but not limited to, its use at trial, it shall not lose its confidential status as between the Parties through such use.  All Confidential Material filed with the Court, and all portions of pleadings, motions or other papers filed with the Court that disclose any Confidential Information, shall be filed under restricted access pursuant to any rules or orders pertaining to the filing of information and documents under restricted access.  See NECivR 5.0.3.

6.    <u>Continuing Duty</u>.  The termination of this action shall not relieve counsel, the parties, or other persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential Information pursuant to this Protective Order, and the Court shall retain continuing jurisdiction to enforce the terms of this Protective Order.  The parties agree that in no event shall the obligations of this Protective Order continue beyond two years from the final disposition of this matter, by order, settlement, or otherwise.

7.    <u>Protective Order Not Admission</u>.  By agreeing to the entry of this Protective Order, the Parties adopt no position as to the authenticity or admissibility of documents produced subject to it.  Furthermore, by producing or receiving information or material designated "<u>Confidential Material</u>" or by otherwise complying with the terms of this Protective Order, such conduct shall not be deemed to:

  a.  Operate as an admission by any Party that any designated material contains or reflects trade secrets, proprietary or commercially sensitive information, or any other type of "<u>Confidential Information</u>";

  b.  Operate as an admission by any Party that the restrictions and procedures set forth herein constitute or do not constitute adequate protection for any designated information;

  c.  Prejudice in any way the rights of the Parties to object to the production of documents they consider not subject to discovery;

  d.  Prejudice in any way the rights of any Party to object to the authenticity or admissibility into evidence of any document, testimony or other evidence subject to this Protective Order;

  e.  Prejudice in any way the rights of any Party to seek a determination by the Court, whether any information or material should be subject to the terms of this Protective Order, including, but not limited to, designations made by a non-party;

  f.  Prejudice in any way the rights of any Party to petition the Court for a further protective order relating to any purportedly Confidential Information; or

  g.  Prevent the Parties from agreeing in writing or on the record during a deposition or hearing in this action to alter or waive the provisions or protections provided for herein with respect to any particular information or material.

  8.  <u>Obligations After Final Disposition</u>.  The provisions of this Protective Order shall, absent written permission of the producing Party or further order of the Court, continue to be binding throughout this action, including any appeals or remands.  Within 60 days after final

disposition of this matter, via appeal or otherwise, each party must destroy confidential information or return it to the party that produced it.

9. <u>Challenge to Confidentiality</u>. The recipient party may, within 30 days after receipt of the documents, object to the designation of any or all documents as "confidential" by the producing party. Thereafter, the documents shall remain confidential despite the objection for an additional 30 days. Upon expiration of the second 30 days following discovery, the documents shall no longer be confidential unless, before the expiration of the second 30-day time period, the producing party who designated the document(s) "confidential" files a motion with the Court for an order declaring the documents confidential and subjecting them to a protective order. At the hearing, the party seeking confidentiality protection shall bear the burden of proof and the burden of persuasion with respect to the confidential status of the document, and the scope of protection requested.

10. <u>Treatment of Confidential Information at Trial</u>. In the event any Confidential Information is to be used in any court or any appeal therefrom, counsel for the Parties shall confer on such procedures as are necessary to protect the confidentiality of any documents, information, and transcripts used in the course of any such proceeding, and shall move the Court to incorporate such procedures.

11. <u>Examination of Witnesses Regarding Confidential Information</u>. Any person may be examined as a witness at trial or during a deposition concerning any information or material that has been designated "Confidential Information," which that person had lawfully received or authored prior to and apart from this action. During such examination, any such witness may be shown "<u>Confidential Information</u>" that appears on its face or from other documents or testimony to have been received or authored by that witness. Whenever a person appears from the face of a

document that has been designated "Confidential Information" to have been the author or lawful recipient of that document, such person may be shown, but not permitted to retain custody of, that specific document shown to them despite the restrictions on access set out in Paragraph 4 of this Protective Order.

12.     Inadvertent Production of Undesignated/Misdesignated Confidential Information. If a Party inadvertently produces Confidential Information without marking it as such, or with a designation that is insufficient for the level of confidentiality that should be attached to the material, it may be disclosed to others until the receiving Party becomes aware of the error, *unless* it appears from the face of the material that it contains nonpublic, confidential, proprietary, commercially sensitive, or trade secret information of the producing Party.  As soon as the receiving Party becomes aware of the inadvertent production, the information must be treated as if it had been timely and correctly designated under this Protective Order, and the receiving Party must endeavor in good faith to obtain all copies of the document which it distributed or disclosed to persons not authorized to have access to such information, as well as any copies made by such persons.

13.     Inadvertent Production of Privileged Materials.  If a Party inadvertently produces a document that it later discovers to be a privileged document, the production of that document shall not be deemed to constitute a waiver of any applicable privileges.  In such circumstances, the producing Party must immediately notify the receiving Party of the inadvertent production and request the return or confirmed destruction of the privileged materials.  Within five business days of receiving such notification, the receiving Party shall return or confirm destruction of all such materials, including any summaries thereof.  Such return or confirmation of destruction

shall not preclude the receiving Party from seeking to compel production of the materials for reasons other than its inadvertent production.

14. <u>Binding Effect of Protective Order Before Entry by Court</u>.  The Parties agree to be bound by the terms of this Protective Order pending its entry by the Court, even if this action is ultimately dismissed.  Any violation of the terms of this Protective Order prior to its entry, or prior to the entry of an alternative order, shall be subject to the same sanctions and penalties as if this Protective Order had been entered as an order of the Court.

15. If a non-party is called upon, by subpoena or otherwise, to provide or produce nonpublic documents, information or things that the non-party reasonably and in good faith believes are confidential, the non-party may designate such documents, information or things as "<u>Confidential</u>" in the manner set forth in this Protective Order.  The producing non-party shall have the same rights and obligations as a Party with regard to such documents, information or things.

Dated this 10th day of May, 2011.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge

**EXHIBIT A – "Confidential Material"**

**DECLARATION OF** _____

_____ swears or affirms and states under penalty of perjury:

1. I have read the Protective Order in this action, *Skylark Meats, LLC v. International Spices, LTD*, Case No. 8:11-cv-003, in the United States District Court for the District of Nebraska, a copy of which is attached to this Declaration.

2. I have been informed by _____, Esq., counsel for _____, that I may be given access to information, documents or other materials that have been defined as "Confidential Material" under the Protective Order.

3. I promise that I have not and will not divulge, or undertake to divulge, to any person or recording device any "Confidential Material," or any other Confidential Information, shown or told to me except as authorized in the Protective Order. I will not use the Confidential Information for any purpose other than this litigation. I will not use the Confidential Information for any commercial purpose.

4. For the purposes of enforcing the terms of the Protective Order, I hereby submit myself to the jurisdiction of the Court in the civil action referenced above.

5. I will abide by the terms of the Protective Order.

_____
(Signature)

_____
(Print or Type Name)

Address: _____

_____

_____

Telephone No.: (\_\_\_)_____